## Patton, Exor., et al. v. Coldiron, Exor., et al,

(Decided March 23, 1926.)

### Appeal from Boyd Circuit Court.

1. Limitation of Actions—Plaintiffs Claiming as Remaindermen Held Barred by 5-Year Statute from Asserting Interest Against One Claiming Under Life Tenant, and Who Appropriated Stock with Plaintiffs' Knowledge.—Where will bequeathed bank stock to daughter for her comfort, at her death to go to granddaughters, those claiming as remaindermen after death of daughter held barred by 5-year statute of limitation as against one claiming under daughter's will, and who had appropriated the stock with plaintiffs' knowledge, notwithstanding his fiduciary relationship with plaintiffs.

2. Limitation of Actions.—Five year statute of limitation will run against a constructive trust arising from conversion of property by fiduciary from time it is created.

MARTIN & SMITH for appellants.

E. POE HARRIS, JOHN W. WOODS and JOHN L. SMITH for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The fifth paragraph of the holographic will of Mrs. Sarah E. Moore reads:

"To daughter Lida the bank stock, if not used for her comfort at her death it will go to three granddaughters."

This controversy between the executor of the will of Mrs. Moore and the executor of the will of L. T. Everett involves the ownership of that property. At the time of the execution of the will and at her death the testatrix's family consisted of herself, two elderly unmarried daughters, Mary and Lida, one granddaughter and her nephew, L. T. Everett, a good business man, then about

forty years of age, who seems to have acted as the head of the household. The family occupied a large residence and moved in the best circles of society, but were by no means extravagant, and Lida, who was a semi-invalid, had an individual income of $175.00 per month aside from this bank stock. Mrs. Moore died on the 29th day of September, 1916, the owner of 25 shares of stock in the Catlettsburg National Bank, which was then in the process of liquidation. A new bank had been formed on the 2nd of September, in which Mr. Everett was a stockholder, and it proposed to issue its stock to the shareholders of the old company at par, and credit them by the old stock at 75c on the dollar. Upon the probation of Mrs. Moore's will, Miss Lida made a proper endorsement upon the certificate Mrs. Moore held for shares in the old bank and surrendered it, and for this a certificate was issued to Miss Lida for ten shares of stock in the new bank and Mr. Everett's account credited by $875.00 in cash, this transaction being conducted by Mr. Everett. Miss Lida died the following February testate. By her will she devised all her property to L. T. Everett, who thereupon surrendered the certificate of stock standing in her name and had a new certificate issued to himself. From that time to the day of his death in 1922 he collected dividends regularly on this stock without question.

Ordinarily the pivotal question would be a construction of the devise, supra, as to whether Miss Lida was given a fee or a life estate in the bank stock; and from the obscure language used, a solution of this question might be attended with difficulty; but it is unnecessary to determine that question as we have reached the conclusion that the claim of Moore's executor would be barred by the five year statute of limitation relied upon by appellee, even if a life estate only was given. It will be observed that on Lida's death, as her devisee, Everett, surrendered the certificate in her name and took out another in his own name and continued to collect and use all the dividends declared thereon until his death. During that time he was a member of the household of James Patton, executor of Mrs. Moore, who moved into the residence after Lida's death. No person concerned in the provisions of Mrs. Moore's will raised any question as to his right and authority to use these funds as he was doing and this suit was not filed until October, 1925. It is urged however that the family relied upon the business judgment and advice of Mr. Everett; that they all under-

stood that Lida took a life estate only under her mother's will.; that Mr. Everett assisted in the probate of the instrument, and that a confidential relation existed between the other members of the family, who asked no questions but believed that he was holding the property for their benefit and would eventually account for it. Perhaps this is true, but there is no evidence of any contract or agreement creating an express trust, and assuming that Mr. Everett's conduct in relation to the stock amounted to a conversion and that a constructive trust would thereby result, it is well settled that the statute of limitation runs against such trust from the time it is created. Fidelity & Columbia Trust Co. v. McCabe, 169 Ky. 613; Blakeley v. Hanberry, 137 Ky. 283.

It is evident that all the parties knew of the appropriation of this property, at least from the time of the probation of Lida's will in February, 1917, and there is no intimation of any suggestion upon the part of L. T. Everett that he was using it otherwise than as his own, hence the statute would begin to run at that date, and more than five years elapsed thereafter before the filing of the suit. It follows that the statute was a complete bar to any action upon the part of appellants.

Wherefore, the judgment is affirmed. Whole court sitting.