621 F.2d 253
 Orville HALL, Plaintiff-Appellant,
v.
Julius MULLINS; Kenneth L. Houck; and Paul R. Dean,
Constituting the Board of Trustees of the United
Mine Workers of America Health and
Retirement Funds, Defendants-Appellees.
 No. 78-3313.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 2, 1980.
Decided May 27, 1980.
 
 Robert J. Greene, Greene & Belhasen, Paintsville, Ky., for plaintiff-appellant.
 Laura Bowers Vandergaw, Appalachian Research & Defense Fund of Kentucky, Inc., Prestonsburg, Ky., for amicus curiae Ball, et al.
 Ian D. Lanoff, Robert D. Nesler, Norman P. Goldberg, United Mine Workers of America Health & Retirement Funds, William F. Hanrahan, Washington, D. C., Edwin H. Rayson, Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, Tenn., Bruce A. Levy, Todd, Smith & Levy, Pikeville, Ky., for defendants-appellees.
 Before LIVELY, KEITH and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from judgment of the district court dismissing his declaratory judgment action in which he sought a declaration from the district court that he is eligible and entitled to receive benefits from the Board of Trustees of the United Mine Workers of America Health and Retirement Fund and an order directing the defendants to pay benefits to him. The matter was referred to the United States Magistrate on a stipulation of the parties and depositions taken by the plaintiff after the action was commenced in the district court. The Magistrate filed a report and recommendation in which he found that the plaintiff was not entitled to pension benefits on the basis of "the evidence of record" and recommended that the action be dismissed.
 
 
 2
 The plaintiff filed exceptions to the Magistrate's report and recommendation and, after consideration, the district court entered judgment in favor of the defendants. In finding for the defendants, the district court filed a memorandum opinion in which he held that the standard of review of a decision of the Trustees of the Health and Retirement Fund is that established by this court in Miller v. Davis, 507 F.2d 308 (6th Cir. 1974), where the decision in Wilder v. United Mine Workers Welfare and Retirement Fund, 346 S.W.2d 27 (Ky.1961), was held to be controlling on this issue. The effect of Miller is to limit district court review to a determination of whether the decision of the Trustees is arbitrary or capricious, made in bad faith, not supported by substantial evidence or contrary to law.
 
 
 3
 After concluding that Wilder still controls, the district court then found that the plaintiff in this case could not recover under the Wilder standard or under the more liberal standard of consideration by the court de novo saying, "No matter what standard of review is applied to the evidence in this case, the Court must conclude that plaintiff has simply failed to carry his burden of proof."On appeal it is contended that the record of proceedings before the Trustees does not provide a sufficient basis for review under the substantial evidence standard and that the proper course is for the district court to grant a trial de novo. We conclude that the district court applied the proper standard. The court further concludes that the plaintiff in the present case failed to establish entitlement to pension benefits and that the district court did not err in dismissing his complaint. The court notes, however, that a record of proceedings is required for the standard of review applicable to this type case and that such a record should be made by the Trustees. Failure to make an adequate record of proceedings before the Trustees may result in a remand in cases where other evidence such as the depositions in the present case do not provide a basis for decision by the district court.