Leo **NOLAN**, Plaintiff,

v.

**AETNA LIFE INSURANCE COMPANY**, Defendant.

No. 84CV2351DT.

United States District Court, E.D. Michigan, S.D.

Aug. 3, 1984.

Stuart Eisenberg, Rader, Eisenberg & Feldman, P.C., David J. Franks, P.C., Detroit, Mich., for plaintiff.

Susan Bieke Neilson, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiff commenced this action on April 19, 1984, by filing a complaint in the State of Michigan's Wayne County Circuit Court. The case was removed to this court on May 15, 1984. Now before the court is defendant's motion for summary judgment which seeks dismissal of plaintiff's complaint on the ground that plaintiff's claim is barred by the applicable statute of limitations.

In his complaint, plaintiff alleges that a contract of insurance existed between defendant and Chrysler Corporation (Policy), under the terms of which defendant agreed to insure employees of Chrysler against loss of wages due to illness or disability. A copy of the Policy is attached to defendant's motion as Exhibit A and is entitled "Group Life and Accident and Health Insurance Policy," policy number GP–40400. Plaintiff further alleges that at all relevant times he was an employee of Chrysler, and was therefore covered under the Policy. Plaintiff alleges that on or about May 12, 1979, he became disabled within the terms of the Policy and sought to receive benefits due him under the terms of the Policy. Plaintiff alleges that defendant paid him benefits for a period of time, but that on August 25, 1980, defendant wrongfully terminated said benefits. Plaintiff alleges that he has demanded payment of benefits, but that defendant has wrongfully refused. In Count I, plaintiff alleges that defendant was obligated under the Policy to provide benefits to plaintiff, and that defendant has breached the contract. Plaintiff alleges that as a result of the breach he has sustained damages in the form of lost income. In Count II, plaintiff alleges that defendant has intentionally inflicted severe emotional distress upon the plaintiff by "doing all of the things alleged herein." Defendant's motion does not address plaintiff's claim in Count II.

■ Although the complaint does not mention the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (1976) (ERISA), or specifically allege a violation thereof, the parties do not dispute that the Policy is regulated by ERISA. The court agrees. ERISA defines "welfare plan" as follows:

For the purposes of this subchapter:
(1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was

established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). The Policy is a "welfare plan" within the meaning of ERISA because it is a program established and maintained by Chrysler for the purpose of providing benefits in the case of disability. Those benefits are provided to participants, as that term is defined by ERISA. ERISA defines "participant" as "any employee ..., ..., who is or may become eligible to receive a benefit of any type from an employee benefit plan..." 29 U.S.C. § 1002(7).

■ Plaintiff may not avoid the provisions of ERISA by merely styling his complaint as one for breach of contract and intentional infliction of emotional distress. Section 514 of ERISA, 29 U.S.C. § 1144(a), provides:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

*See, Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 1905, 68 L.Ed.2d 402 (1981); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1214–16 (8th Cir.1981), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1982) (ERISA preempts Missouri's common law cause of action for tortious interference with con-

tract as it relates to employee benefit plans).

It is clear then that this action is brought pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, ..."

■ In support of its motion for summary judgment, defendant argues that the three year period of limitation found in Section 413 of ERISA, 29 U.S.C. § 1113, bars plaintiff's claim. That section provides:

(a) No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, or (B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary under this subchapter;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Defendant's argument must fail, however, because Section 413, by its own terms, is inapplicable. Section 413 is contained in Title I, part 4, of ERISA, and imposes a time limitation in which an action may be commenced with respect to a fiduciary's breach "under this part, or with respect to a violation of this part, ..." Plaintiff's action, however, is not brought under a provision of ERISA contained in part 4, but rather is brought under Section 502(a)(1)(B) of ERISA, which is found in part 5. This

holding is consistent with *Jenkins v. Local 705 Int'l Brotherhood of Teamsters, etc.*, 713 F.2d 247, 251 (7th Cir.1983), and *Miles v. New York State Teamsters Conference, etc.*, 698 F.2d 593, 598 (2d Cir.1983). Both cases hold, without discussing Section 413, that ERISA does not contain a statute of limitations for the bringing of civil actions under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

■ Next, defendant argues that if the period of limitations contained in Section 413 is inapplicable, the court must look at the most analogous state statute of limitations. Defendant contends that the most analogous state statute is the Disability Section of the Michigan Insurance Code, M.C.L.A. § 500.3422, which provides:

Sec. 3422. There shall be a provision as follows:

LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.

The court agrees that since ERISA does not prescribe a period of limitations for actions under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the controlling limitations period is that contained in the most analogous state statute of limitations. *See, Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Jenkins, supra*, 713 F.2d at 251; *Miles, supra*, 698 F.2d at 598. The court, however, rejects defendant's argument that M.C.L.A. § 500.3422 is the most analogous state *statute of limitations*, for the simple reason that, by its own language, that statute is not a statute of limitations. M.C.L.A. § 500.3422 merely requires that a certain provision, containing a time limitation, be included in certain disability insurance policies; it itself is not a statute of limitations.

Finally, defendant argues that plaintiff's claim is barred by the following language contained in Section XIII, subsection C, of the Policy:

> No legal action may be brought to recover under any benefit, except for Group Life Insurance, after three years from the deadline for filing a claim.

To determine the "deadline for filing a claim," defendant relies upon Section VII, subsection J, of the Policy which provides:

> You must furnish written notice of claim to Aetna or your local Group Insurance office within 20 days after the commencement of any period of disability or as soon thereafter as is reasonably possible. Notice given by you or on your behalf, either at Aetna's Home Office or to one of its authorized agents, with information sufficient to identify you, will be considered notice of claim.

Section VII, subsection J, however, appears in the Sickness and Accident Benefit portion of the Policy, not the Extended Disability Benefit portion of the Policy under which plaintiff was receiving benefits before they were terminated. Defendant concedes that the Policy does not contain a specific deadline for the filing of claims under the Extended Disability Benefit portion of the Policy (p. 13, n. 4 of defendant's brief in support of its motion). Thus, the three year period of limitations contained in Section XIII, subsection C, is inapplicable here.

The court finds merit in plaintiff's contention that the most analogous state statute of limitations is M.C.L.A. § 600.-5807(8) which provides:

> Sec. 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.
>
> (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

For the purpose of determining the most analogous state statute of limitations, plaintiff's action may properly be characterized as one for breach of contract. The characterization of a particular cause of action for the purpose of determining the most analogous state statute of limitations is a question of federal law. *Int'l Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). In *Jenkins, supra*, 713 F.2d at 253, the Seventh Circuit held that where the complaint is based on Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), seeking pension benefits and a clarification of rights under the terms of the employee pension benefit plan, the most analogous state statute of limitations is the one for written contracts. Likewise, in *Miles, supra*, 698 F.2d at 598, the Second Circuit held that in an action brought under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), the most nearly analogous state limitations statute is the six year period for contract actions prescribed by New York's C.P.L.R. § 213. This court will follow the Seventh Circuit's analysis in *Jenkins* and the Second Circuit's analysis in *Miles*, and holds that Michigan's six year period of limitations for breach of contract, prescribed by M.C.L.A. § 600.5807(8), applies to an action brought under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff's complaint was filed within the six year statutory period, and, thus, defendant's motion for summary judgment must be denied.

IT IS SO ORDERED.