Paul NORMAN, Plaintiff-Appellant,

v.

**UNITED MINE WORKERS OF AMERICA HEALTH AND RETIREMENT FUNDS, et al., Defendants-Appellees.**

No. 83–5042.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 9, 1985.

Decided Feb. 26, 1985.

William C. Hambley (argued), Appalachian Research and Defense Fund of Kentucky, Inc., Pikeville, Ky., for plaintiff-appellant.

Bruce A. Levy, Pikeville, Ky., Israel Goldowitz (argued), William F. Hanrahan, UMWA Health & Retirement Funds, Washington, D.C., for defendants-appellees.

Before KEITH and JONES, Circuit Judges and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Paul Norman (plaintiff-appellant) brought this action under the Employee Retirement Income Security Act and the Labor-Management Relations Act to recover disability benefits from the United Mine Workers of America Health and Retirement Funds (defendant-appellee) (Funds). Norman alleged that a provision in the 1950 Pension Plan, requiring that a totally

seek to present its argument directly to the court of appeals pursuant to 29 U.S.C. § 160(f).

disabled person be eligible for Social Security Disability Insurance under Title II of the Social Security Act as a prerequisite to eligibility for disability benefits under the Plan, was unreasonable and that the Funds' denial of disability benefits was arbitrary and capricious. The district court, concluding both that it could not reform provisions of the Pension Plan and that the evidence established that Norman was not disabled as the result of a mining accident, granted the Funds' motion for summary judgment. We affirm.

The 1950 Pension Plan is the product of a collective bargaining agreement between the United Mine Workers of America and the Bituminous Coal Operators Association, of which Norman's employer was a member. Article IIC of the Plan provides that a beneficiary may qualify for a disability pension if totally disabled as the result of a mine accident and "only if, by reason of such accident, he is eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor." In this case, Norman, who alleges that he was injured when a large quantity of coal fell on him, concedes that his application for benefits under Title II of the Social Security Act was denied. In fact, the Social Security Administration found on two occasions that Norman was not disabled; a third claim was denied because Norman's insured status had expired.

■ Initially, Norman asserts that, as applied to him, the requirement of Title II eligibility contained in Article IIC is unreasonable. Norman points out that he was awarded Supplemental Security Income under Title XVI of the Social Security Act. Since the standard of disability under Titles II and XVI is essentially the same, except that there is no insured status requirement under Title XVI, Norman suggests that Article IIC unreasonably requires eligibility only under Title II. It is now well established that federal courts may not review for reasonableness substantive provisions of a pension plan. *E.g., United Mineworkers of America Health & Retire-*

*ment Funds v. Robinson,* 455 U.S. 562, 574, 102 S.Ct. 1226, 1233, 71 L.Ed.2d 419 (1982); *Moore v. Reynolds Metals Company Retirement Program for Salaried Employees,* 740 F.2d 454, 456 (6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). Accordingly, we decline to review Article IIC to determine whether it is reasonable.

■ Norman contends also that the denial of benefits was arbitrary and capricious. He argues that the Funds' policy, as expressed in a letter from the Funds' associate counsel, is that even if an applicant has been denied Title II benefits for lack of insured status the Trustees could still award benefits if a participant was considered disabled under Title XVI. Norman asserts that since he was awarded benefits under Title XVI, the Funds' policy requires that he receive benefits under Article IIC. While a court may not review a pension plan provision for reasonableness, it "may review the *administration* of a pension fund to determine whether the provisions are applied in an arbitrary or capricious manner." *Moore v. Reynolds Metals Company Retirement Program for Salaried Employees,* 740 F.2d 454, 456 n. 4 (6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985) (emphasis in original).

■ We disagree with Norman's assertion that the Trustees denied him benefits arbitrarily. Even assuming that the assistant counsel's letter represents a policy of the Funds, the Trustees were justified in concluding that Norman was not disabled as the result of a mining accident. The record reflects that Norman did not seek treatment for his alleged injuries until approximately ten months after the accident. Further, Norman was thereafter twice denied disability benefits under Title II because medical evidence did not establish that he was disabled. Moreover, although the available medical records are in conflict, substantial medical evidence supports the determination that Norman was not totally disabled by reason of the mining accident. Accordingly, we conclude that

the decision of the Funds' Trustees was not arbitrary, capricious, or rendered in bad faith.

The judgment of the district court is affirmed.