**Lewis F. SALYERS, Plaintiff,**

v.

**ALLIED CORPORATION, Defendant.**

**Civ. A. No. 84–274.**

United States District Court,
E.D. Kentucky,
Ashland Division.

March 25, 1986.

George Howell, Adkins, Hall, Howell & Duggan, Ashland, Ky., for plaintiff.

Noel Crowley, Hinton & Williams, Morristown, N.J., Wendell S. Roberts, Gray, Woods & Cooper, Ashland, Ky., for defendant.

---

## MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

This action is before the Court upon the plaintiff's motion for partial summary judgment and upon the defendant's motion for summary judgment. This Court referred the matter to the United States Magistrate Joseph M. Hood for initial consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate has filed his report and recommendation, and both parties have filed objections to the report and recommendation.

Since neither party has taken exception to the Magistrate's statement of the facts, the Court accepts the facts as stated in the report and makes reference herein to only the basic facts. Briefly, the facts giving rise to this action are that the plaintiff had vested coverage under the defendant's Hourly Employees' Pension Plan [hereinafter the Plan], and that the plaintiff elected to take a disability retirement under the Plan after he suffered a stroke. The plaintiff began receiving $309.66 per month under the Plan on June 1, 1974. On April 25, 1978, the Kentucky Workmen's Compensation Board ruled that the plaintiff had become totally and permanently disabled on December 1, 1973, as a result of his employment with the defendant. The Board awarded workers' compensation benefits of $351.00 per month to the plaintiff. Then, Allied advised the plaintiff on June 2, 1978, that pursuant to Article V (5) of the Plan, it was reducing his monthly pension benefit of $309.66 by the amount of his workers' compensation monthly benefit of $351.00, thus suspending the pension benefits. Six years and five months later, the plaintiff filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B); the plaintiff contends that Article V (5) of the pension plan violates E.R.I.S.A.

Two issues exist in this action: (1) what is the most analogous state statute of limitations applicable to this action, and (2) what affect does the integration clause in Article V have.

Of course, the threshold issue is the statute of limitations question. Since E.R.I.S.A. does not include a statute of limitations, the controlling period is the one contained in the most analogous state statute of limitations. *Jenkins v. Local 705 Int'l Brotherhood of Teamsters*, 713 F.2d 247, 251 (7th Cir.1983). The plaintiff argues that the most analogous state statute is K.R.S. § 413.090 which prescribes a fifteen-year period for an action on a written contract. Several circuits have applied similar statutes of limitations from various states to actions brought under E.R.I.S.A. to enforce rights under pension plans;

these circuits, however, have applied either a six-year, or in one case, a ten-year state statute of limitations to an action such as the one at bar. *See Haynes v. O'Connell,* 599 F.Supp. 59 (E.D.Tenn.1984) (applying a six-year statute); *Jenkins,* 713 F.2d 247, 251 (7th Cir.1983) (applying a ten-year statute).

The discussions found in the case law frequently address the reasons for applying the longer limitation period for actions on written contracts rather than applying a shorter period such as the six-month period for suing· in a "hybrid" suit for breach of the union's duty of fair representation and for breach of contract under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In his report and recommendation, the Magistrate notes that a strong argument can be made for characterizing an action brought under 29 U.S.C. § 1132(a)(1)(B) as one for breach of a written contract.

▆ Allied claims that the most analogous state statute of limitations is the five-year period found in K.R.S. § 413.120(2), which applies to an action upon liability created by statute when the statute does not fix the period. The Magistrate agrees with Allied that the period is five years but states that the most analogous statute is either K.R.S. § 413.120(5) for an action for damages for withholding personal property or § 413.120(6) for an action for detaining personal property. In *Patton's Executor v. Coldiron,* 213 Ky. 709, 281 S.W. 812 (1926), the Kentucky Court held that the five-year statute of limitations applied to a constructive trust arising from the fiduciary's conversion of personal property. Thus, the Kentucky Court has applied the five-year statute of limitations to actions for breach of fiduciary duty. Furthermore, the Magistrate notes that prior to the enactment of E.R.I.S.A., suits to recover pension benefits were brought in state courts under the law of trusts. *See e.g., Wilder v. United Mine Workers Welfare and Retirement Fund,* 346 S.W.2d 27 (1961). In federal courts such actions were brought under diversity jurisdiction. *E.g., Hall v. Mullins,* 621 F.2d 253 (6th Cir.1980).

▆ Under the law of trusts, a beneficiary has a remedy against a trustee with respect to the money which the trustee is under a duty to pay unconditionally and immediately to the beneficiary. *Wardle v. Central States Southeast & Southwest Areas Pension Fund,* 627 F.2d 820, 829 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Thus, the plaintiff's action against the defendant accrued on June 2, 1978, when Allied, as trustee, notified the plaintiff that his pension benefits were suspended pursuant to the Plan. Since the plaintiff waited more than six years to file this action, the action should be dismissed as barred by the five-year statute of limitations in K.R.S. § 413.-120(5) or § 413.120(6).

▆ Even if the fifteen-year period of K.R.S. § 413.090 were to apply to this action, the plaintiff would still not be entitled to damages, because the record does not establish that the suspension of the plaintiff's pension benefits by Allied was "arbitrary or capricious" or unsupported by substantial evidence. *Blakeman v. Mead Containers,* 779 F.2d 1146, 1149–50 (6th Cir.1985).

Allied interprets Article V (5) as allowing Allied to offset the amount of pension benefits paid under the Plan by the entire amount of the plaintiff's workers' compensation benefits. Article V (5) provides:

Any amount paid to or on behalf of any pensioner as reimbursement for loss of earnings resulting from occupational injury or disease for which the Company is liable whether pursuant to Workers' Compensation or occupational disease law, or arising otherwise from the statutory or common law ...

On the other hand, the plaintiff argues the phrase "for which the Company is liable" modifies "any amount," thus allowing Allied to offset the plaintiff's pension benefits by *only* the amount that Allied has to contribute to the workers' compensation benefit which the plaintiff receives. What

the plaintiff would like to receive each month is his pension benefit of $309.66 offset by the twenty-five percent of the workers' compensation benefit which Allied must actually pay, plus the workers' compensation benefit of $351.00.

According to the Supreme Court's decision in *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 509–20, 101 S.Ct. 1895, 1899–1904, 68 L.Ed.2d 402 (1981), an integration clause which offsets the workers' compensation or black lung benefits against the pension is enforceable. Therefore, Allied's decision to apply the integration clause as described above is not arbitrary or capricious or unsupported by substantial evidence. The plaintiff contends that Allied applied the integration clause arbitrarily by having paid pension benefits to several pensioners without having offset the amounts of occupational disease or workers' compensation benefits which those pensioners were receiving. Affidavits were submitted on this claim, and the Magistrate reported that the affidavit of Bernie Moore, filed on behalf of the plaintiff, is replete with hearsay instead of personal knowledge and does not establish that Allied knew that duplicative benefits were being paid. [Record No. 26]. The Magistrate afforded greater weight to the affidavit of Charles F. Norris, Allied's Supervisor of Retiree Benefits Administration, which indicates that Allied was unaware of the duplicative benefits. [Record No. 32].

The Court has considered the points raised by the parties in their objections and has determined that these objections do not raise points not addressed by the Magistrate. Contrary to the plaintiff's objections, this Court finds that the Magistrate gave the affidavit of Bernie Moore sufficient weight and states that the statute of limitations does run against the beneficiary when the trustee breaches a fiduciary duty. *See* K.R.S. § 413.340 and *Potter v. Connecticut Mutual Life Insurance Company*, 361 S.W.2d 515, 516–17 (Ky.1962). Contrary to the defendant's objections, the Magistrate properly referred to Allied as a trustee: a plan administrator is considered a trustee. *Blake v. Mead Containers*, 779 F.2d at 1150.

In summary, the Court finds that the applicable state statute of limitation is five years as provided by K.R.S. § 413.120(5) or (6), and that this action is therefore barred by the statute of limitations. Moreover, even if this action were not so barred, there is no genuine issue of material fact remaining.

Accordingly,

This Court having reviewed the entire record herein and being sufficiently advised,

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

(1) That the report and recommendation of the Magistrate is approved, confirmed and adopted as and for the opinion of· his Court;

(2) That in conformity with the Magistrate's recommendation, the plaintiff's motion for partial summary judgment is OVERRULED; the defendant's motion for summary judgment is SUSTAINED;

(3) That the complaint is hereby DISMISSED and the action shall be STRICKEN from the docket.

### MAGISTRATE'S REPORT AND RECOMMENDATION

#### Jan. 3, 1986

JOSEPH M. HOOD, United States Magistrate.

This action is before the court on a motion for partial summary judgment filed by Lewis P. Salyers (Salyers) and a motion for summary judgment filed by Allied Corporation (Allied). Fully briefed and argued, the motions have been referred to the undersigned for a report and recommendation. 28 U.S.C. Section 636(b)(1)(B).

Prior to November 3, 1973, Salyers was employed as an hourly worker at Allied's Semet-Solvay facility, a coke-making plant located in Ashland, Kentucky. Since Salyers had completed ten years of service with Allied, he had vested coverage under

Allied's Hourly Employees' Pension Plan (Plan)—an agreement that resulted from collective bargaining between Allied and Salyers' union.

Salyers' term of service ceased on November 3, 1973 when he suffered a stroke. He elected to take a disability retirement under the Plan, and on June 1, 1974, he began receiving a monthly pension of $309.66.

Subsequently, Salyers was advised that he had contracted the occupational disease known as pneumoconiosis. He thereafter obtained workmen's compensation benefits based on an April 25, 1978 ruling by the Kentucky Workmen's Compensation Board (Board) that he became totally and permanently disabled on December 1, 1973 "as the result of and in the course of his employment" with Allied and in a sawmill.

Applying Kentucky law, KRS 342.-316(13)(a), the Board found Salyers was entitled to receive a weekly benefit of $81 or $351/month so long as he remained disabled. The Board ruled that seventy-five (75%) percent of the award—$60.75/week or $263.25/month—was to be paid by the Special Fund while twenty-five (25%) percent—$20.25/week or $87.75/month—was to be paid by Allied. The Board made its award retroactive to December 1, 1973 and directed the Special Fund to pay Salyers the benefits and Allied to reimburse the Special Fund on a quarterly basis.

On June 2, 1978—less than two months after the Board entered its decision awarding Salyers workmen's compensation benefits—Allied wrote Salyers and advised him that, pursuant to Article V (5) of the Plan, it was required to reduce his monthly pension benefit ($309.66) by the amount of the compensation award ($351.00). Since the amount of the workmen's compensation award exceeded his monthly benefits under the Plan, his monthly benefits would be suspended in full effective June 1, 1978. They remain suspended at this time.

On November 28, 1984, Salyers filed his instant complaint in the Boyd Circuit Court. Allied subsequently removed the action to this court and simultaneously filed its answer.

Salyers maintains in his complaint that Allied's reduction of his pension benefits under Article V (5) of the Plan violates the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1001 *et seq.*, and offends Kentucky common and statutory law. However, at the hearing on the motions *sub judice*, Salyers' counsel, displaying commendable candor, advised the undersigned that he was withdrawing the state law claims, conceding that the same were preempted by ERISA. *See e.g., Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981); *Blakeman and Keeble v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir., 1985); *Authier v. Ginsberg*, 757 F.2d 796, 799–802 (6th Cir.1985).

This action is brought pursuant to 29 U.S.C. Section 1132(a)(1)(B) which provides:

> A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under terms of the plan....

Allied initially seeks summary judgment on the ground that the complaint is barred by the statute of limitations.

It is accepted that ERISA does not contain a statute of limitations for the bringing of actions under section 1132(a)(1)(B). *See, e.g., Jenkins v. Local 705 Int'l Brotherhood of Teamsters*, 713 F.2d 247, 251 (7th Cir.1983); *Miles v. New York State Teamsters Conference*, 698 F.2d 593, 598 (2d Cir.1983); *Nolan v. Aetna Life Insurance Company*, 588 F.Supp. 1375, 1378 (E.D.Mich.1984). Since ERISA does not prescribe such a period of limitations, the controlling period is one continued in the most analogous state statute of limitations. *Jenkins*, 713 F.2d at 251; *Miles*, 698 F.2d at 598; *Haynes v. O'Connell*, 599 F.Supp. 59, 61 (E.D.Tenn.1984); *Nolan*, 588 F.Supp. at 1378; *see also Board of Regents v.*

*Tomanio*, 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980).

Allied, citing *Gray v. International Association of Heat and Frost Insulators and Asbestos Workers, Local No. 51*, 416 F.2d 313 (6th Cir.1969), claims KRS 413.-120(2) with its five-year limitations period is the most analogous state statute. Salyers argues that the fifteen-year period set forth in KRS 413.090 for actions on a written contract is the most analogous state statute.[1] I agree with Allied, although not for the reasons stated.

A strong argument can be made for characterizing an action brought under section 1132(a)(1)(B) as one for breach of a written contract, thereby warranting application of the fifteen-year period of limitations provided by KRS 413.090. However, as discussed in *Wardle v. Central States Southeast & Southwest Areas Pension Fund*, 627 F.2d 820, 829 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), prior to the enactment of ERISA, suits to recover pension benefits were brought in state courts under the law of trusts, *see, e.g., Wilder v. United Mine Workers Welfare and Retirement Fund*, Ky., 346 S.W.2d 27 (1961), and in federal courts under their diversity jurisdiction. *See, e.g., Hall v. Mullins*, 621 F.2d 253 (6th Cir.1980); *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir.1974); *Rittenberry v. Lewis*, 222 F.Supp. 717 (E.D.Tenn.1963), *aff'd*, 333 F.2d 573 (6th Cir.1964). Now that Congress has conferred concurrent federal jurisdiction over suits for pension benefits, it would therefore follow that the law of trusts—not contracts—should govern which statute of limitations is to be applied.

Under the law of trusts, a beneficiary has a remedy against the trustee with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary. *Wardle*, 627 F.2d at 829; *see also Restatement (Second) of Trusts* sections 197–198 (1959). Once the trustee,

in this case Allied, made known to the beneficiary, in this case Salyers, that his pension was being suspended pursuant to the Plan, Salyers had a cause of action against Allied. *Potter v. Connecticut Mutual Life Insurance Company*, Ky., 361 S.W.2d 515, 516–517 (1962). He had under KRS 413.120(5) or (6) five years to initiate suit. Failing to do so, his action should be dismissed as barred by the statute of limitations.

Assuming *arguendo* that this action is not barred by the statute of limitations, the particular feature of the Plan now under attack will be addressed. That provision, Article V (5) provides:

> Any amount paid to or on behalf of any pensioner as reimbursement for loss of earnings resulting from occupational injury or disease for which the Company is liable whether pursuant to Worker's Compensation or occupational disease law, or arising otherwise from the statutory or common law (except fixed statutory payments for the permanent total or partial loss of use of any bodily member, and except for payments for medical expenses) and any disability payment in the nature of a pension under any Federal or State law shall be deducted from or charged against the amount of any pension payable under this Article V. However, Social Security payments and allowances for disabilities incurred in the military service of the United States will not be so deducted or charged.

In *Alessi*, 451 U.S. at 509–521, 101 S.Ct. at 1899–1905, the Supreme Court held that Congress contemplated and approved "integration" provisions like the one set out above when it enacted ERISA. *See also Holliday v. Xerox Corporation*, 732 F.2d 548 (6th Cir.1984); *Kapuscinski v. Plan Administrator, Etc.*, 658 F.2d 427 (6th Cir. 1981). Thus, it concluded that the subject integration provision does not offend ERISA and is enforceable.

*See Potter v. Connecticut Mutual Life Insurance Company*, Ky., 361 S.W.2d 515, 516–517 (1962).

---

**1.** Salyers also argues that statutes of limitations do not run against the beneficiaries of a trust under KRS 413.340. He misreads the statute.

The remaining question is whether Allied's interpretation of Article V (5) of the Plan in the manner described earlier was arbitrary, capricious, in bad faith, erroneous as a matter of law or unsupported by substantial evidence. *Blakeman and Keeble,* 779 F.2d at 1149; *Norman v. United Mine Workers of America Health and Retirement Funds,* 755 F.2d 509, 510 (6th Cir.1985); *Moore v. Reynolds Metals Company Retirement Program,* 740 F.2d 454, 456 n. 4 (6th Cir.1984), *cert. denied,* 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985); *Washburn v. Allied Corporation,* Ashland Civil Action No. 83–295 (E.D.Ky. December 29, 1985) (Wilhoit, J.). I believe that Allied's interpretation should be upheld.

The setoff of Salyers' Workmen's Compensation award was permitted under the first section of Article V (5):

> Any amount paid to or on behalf of any pensioner as reimbursement for loss of earnings resulting from occupational injury or disease for which the Company is liable whether pursuant to Worker's Compensation or occupational disease law, or arising otherwise from the statutory or common law....

The award was based on occupational disease, *viz.,* pneumoconiosis for which Allied was liable.

Salyers contends the phrase "for which the Company is liable" should be read as if it said "for which the Company is *wholly or solely* liable." Using his reading, only the first twenty-five (25%) percent of his award could be offset against his pension from Allied. However, it is to be remembered that the courts are not to substitute their judgment for the judgments of the trustees. *Blakeman and Keeble,* 779 F.2d at 1150; *Moore,* 740 F.2d at 456 n. 4.

Salyers also argues that Article V (5) has not been applied with an even hand, pointing to statements contained in the affidavit of Bernie Moore dated April 11, 1985. Record No. 26. However, the Moore affidavit has little evidentiary value since it is replete with hearsay rather than personal knowledge. *See* Rule 56(e), Fed.R.Civ.P.

More importantly, the affidavit *does not* establish that Allied had knowledge of the matters set forth therein. On the other hand, the affidavit of Charles F. Norris, Allied's Supervisor of Retiree Benefits Administration, filed herein on June 3, 1985 with Allied's Reply Brief, *see* Record No. 32, sets forth the results of Norris' investigation of the recitals contained in the Moore affidavit. The Norris affidavit demonstrates that Allied was unaware that Messers Hall and Robinson were receiving duplicate awards. In accordance with Article V (5), Allied took immediate steps to correct the discrepancy, Exhibits A and B, Norris Affidavit, thereby demonstrating an evenhanded application of the integration provision.

Accordingly, it is recommended that Allied's motion for summary judgment be granted and that Salyers' motion for partial summary judgment be denied.

Objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.1984), *aff'd,* — U.S. —, 106 S.Ct. 466, 88 L.Ed.2d 435, 38 Cr L 3031 (1985); Rule 72(b), Fed.R.Civ.P.