793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LLOYD WHITT, Plaintiff-Appellant,
v.
JULIUS MULLINS, JOHN J. O'CONNELL, AND PAUL R. DEAN,
CONSTITUTING THE BOARD OF TRUSTEES OF THE UNITED
MINE WORKERS OF AMERICA HEALTH AND
RETIREMENT FUNDS, Defendants-Appellees.
 85-5514
 United States Court of Appeals, Sixth Circuit.
 5/12/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: KRUPANSKY, GUY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Lloyd Whitt (the plaintiff) appealed the district court's grant of summary judgment in favor of defendants Julius Mullins, John J. O'Connell, and Paul R. Dean (collectively, the defendants), constituting the Board of Trustees of the United Mine Workers of America (UMWA) Health and Retirement Funds, in an action seeking to reverse a decision of the Trustees denying disability pension benefits to the plaintiff. The pertinent 1974 Pension Plan provided in relevant part that a retired coal miner was eligible for a disability pension if he 'becomes totally disabled . . . as a result of a mine accident.' Art. II.C. The defendants denied the plaintiff's application for benefits filed pursuant to the foregoing provision.
 
 
 2
 The record disclosed the following facts. The plaintiff strained his back on January 2, 1976 while on the job and in the employ of Sovereign Coal Corporation. The plaintiff finished work the day of his injury, but experienced pain that evening. Medical examination the next day disclosed no fractures or dislocations of the spine. A physician who examined the plaintiff approximately two months after the mine accident noted that the plaintiff was recovering from a contusion and strain to the back. Six months subsequent to his asserted mine incident the plaintiff was involved in a motorcycle accident as a result of which he suffered limited injury.
 
 
 3
 In November of 1976, a doctor treating the plaintiff tentatively diagnosed developing osteoarthritis of the spine, a form of arthritis or degenerative joint disease. The plaintiff retired from his employment with Sovereign Coal Corporation in May of 1977, citing chronic back pain as preventing him from performing his duties. Examination by a doctor within a month following plaintiff's retirement evidenced minimal changes in the plaintiff's lumbosacral spine that were not incompatible with his age. In July of 1978, a Social Security Administration administrative law judge (ALJ) awarded the plaintiff Social Security disability benefits from the date of his retirement. The ALJ noted that the plaintiff had testified to a mine-related back injury; however, the ALJ concluded that the medical evidence of record established that the plaintiff suffered from osteoarthritis and degenerative spinal disc narrowing which required plaintiff to be off work for one year due to the plaintiff's back pain and sciatica, or leg pain. The ALJ recommended that the plaintiff's case be reevaluated for disability purposes within one year due to the plaintiff's age (then 41).
 
 
 4
 A year later in July of 1979, the plaintiff filed his application for a disability pension with the UMWA Health and Retirement Funds. Defendant Trustees denied the plaintiff's application, noting that the plaintiff was not totally disabled as the result of a mine accident within the meaning of the pension plan. A hearing officer conducted a hearing of the plaintiff's claim and resolved that although the plaintiff had sustained a mine injury in January 1976, the medical evidence and decision of the Social Security ALJ established that osteoarthritis and spinal disc narrowing not incompatible with plaintiff's age was the principal cause of the plaintiff's total disability. Subsequent to further proceedings by the Trustees pursuant to purported new evidence submitted by the plaintiff, the district court found defendant's determination to have been founded upon substantial evidence and granted summary judgment in their favor.
 
 
 5
 This court notes that a decision of the Trustees addressing the administration of the union's pension funds must be upheld unless it is arbitrary and capricious, made in bad faith, not supported by substantial evidence, or contrary to law. Norman v. UMWA Health and Retirement Funds, 755 F.2d 509, 510 (6th Cir. 1985); Moore v. Reynolds Metals Co. Retirement Program for Salaried Employees, 740 F.2d 454, 457 (6th Cir. 1984), cert. denied, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985); Odom v. UMWA Health and Retirement Funds, 687 F.2d 843, 846 (6th Cir. 1982); Hall v. Mullins, 621 F.2d 253, 254 (6th Cir. 1980);Miller v. Davis, 507 F.2d 308 (6th Cir. 1974). The plaintiff on appeal contended that the medical evidence disclosed no other trauma to his back other than the January 1976 mine accident and discounted his motorcycle accident as unrelated to his disabling back condition. Plaintiff's arguments ignored the gravamen of both the Social Security ALJ's conclusion and that of defendants, namely that the medical evidence disclosed that the plaintiff's back condition was principally attributable to degenerative osteoarthritis and spinal disc narrowing not incompatible with his age and not to any traumatic injury such as the mine incident. None of the doctors who examined the plaintiff concluded that his mining mishap caused his disability or contributed substantially to the medical conditions which render him disabled. The mere fact that the Social Security Administration awarded the plaintiff a period of disability benefits did not prove that his disability was caused by a mine accident. In sum, having considered the record on appeal and the briefs and arguments of the parties, this court concludes that the defendants' determination was supported by substantial evidence and was not arbitrary and capricious. Accordingly, the judgment of the district court is AFFIRMED.