856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grant GREBECK, Plaintiff-Appellant,
v.
PERKINS ENGINES, Defendant-Appellee.
 No. 87-2079.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 This matter is before the court for consideration of plaintiff's appeal from the district court's summary judgment dismissing his claim against his former employer and for consideration of defendant's motion for costs and attorney fees filed pursuant to Fed.R.App.P. 38. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed in state court, plaintiff Grant Grebeck alleged wrongful discharge and wrongful denial of disability insurance benefits. The matter was removed to federal court for a determination of the disability insurance claim. Subsequent to the district court's decision, the case was remanded to state court for resolution of the wrongful discharge claim.
 
 
 4
 Grebeck sought preliminary injunctive relief in the form of immediate payment of disability benefits; the motion was denied. After a hearing on the issue of disability, the district court determined that plaintiff failed to present sufficient evidence of disability or of an arbitrary or capricious action by defendant. Summary judgment was entered for defendant. Grebeck filed a timely motion for reconsideration, which was denied.
 
 
 5
 On appeal, Grebeck asserts the district court erred by denying his motion for preliminary relief and by making a finding of no disability.
 
 
 6
 Upon review, we conclude that dismissal was proper because there exists no genuine issue of material fact and defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986). Although it was unnecessary to make a finding on the issue of disability, see Norman v. United Mine Workers of Am. Health & Retirement Funds, 755 F.2d 509 (6th Cir.1985), the district court properly concluded that Grebeck had failed to present a genuine issue of fact that defendant acted in an arbitrary and capricious manner. Summary judgment, therefore, was proper.
 
 
 7
 Second, the district court did not abuse its discretion by denying Grebeck's motion for injunctive relief. See Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985).
 
 
 8
 Finally, we shall deny defendant's motion for costs and attorney fees requested under Fed.R.App.P. 38. Although a pro se appellant is not beyond the reach of Rule 38, the fact a plaintiff chooses to pursue an appeal pro se is an insufficient basis for sanctions unless the appeal is otherwise "so lacking in either factual or legal basis as to be frivolous." WSM, Inc. v. Tennessee Sales Co., 709 F.2d 1084, 1088 (6th Cir.1983); see Martin v. Commissioner, 753 F.2d 1358, 1361 (6th Cir.1985). Because this appeal is not so unsubstantial so as to be considered totally devoid of merit, an award of sanctions is inappropriate.
 
 
 9
 Accordingly, defendant's motion for costs and attorney fees is denied. The district court's judgment filed June 18, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation