RICHMOND EDUCATION ASSOCIA-
TION, etc., et al.

v.

Mrs. Virginia A. CROCKFORD et al.

Civ. A. No. 372–71–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 14, 1972.

James Edward Betts, Christian, Barton, Parker, Epps & Brent, Richmond, Va., for plaintiffs.

C. B. Mattox, Jr., Richmond City Atty., John R. Haymes, Jr., Asst. City Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This is a class action brought pursuant to 28 U.S.C. §§ 1343(3) and (4) and 42 U.S.C. § 1983, seeking declaratory and injunctive relief against the School Board of the City of Richmond and its individual members in their representative capacities. Defendants have filed various motions and a memorandum in support thereof as follows:

1. Motion to Dismiss for Lack of Jurisdiction and/or failure to state a claim upon which relief can be granted.

2. Motion for Summary Judgment.

3. Motion for a More Definite Statement.

Plaintiffs have filed their responses, and the legal issues raised are now ready for disposition.

The complaint and exhibits filed therewith reflect that plaintiff, Richmond Education Association ("REA"), is an unincorporated association organized under the laws of the Commonwealth of Virginia, whose sole purpose is to represent certified professional employees of the defendant school board, in their employment relationships. REA membership currently lists 2,085 members of an eligible 3,350. This action is based upon an alleged refusal of the defendants to meet and discuss with the REA concerning conditions of employment, to recognize REA as a representative of the aforementioned employees for purposes of discussion, and to recognize REA as the exclusive representative of the class which it purports to represent. The defendants have allegedly refused all recognition of and discussions with REA.

Through the motions filed, defendants have attacked the complaint on several grounds:

1. *Motion to Dismiss For Lack of Jurisdiction and/or Failure To State A Claim Upon Which Relief Can Be Granted.*

The plaintiffs herein premise their complaint in the First and Fourteenth Amendments to the Constitution of the United States. The Court is satisfied that jurisdiction exists pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343(3) and (4).

The complaint herein clearly and succinctly alleges that the plaintiffs have a constitutional right as public sector employees to organize and associate for the purpose of collectively representing their employment interests. It is contended that by their actions, the defendants have effectively blunted the exercise of these rights. The plaintiffs allege, in essence, that:

Nothing could have a greater chilling effect upon plaintiffs' fundamental rights to associate and bargain collectively than the stoppage of all com-

munication and dealings between the School Board and REA as a representative association. See, Plaintiffs' Memorandum in Opposition, at page 11.

The grant of approval to organize and associate without the corresponding grant of recognition may well be an empty and meaningless gesture on the part of the defendant School Board. See, Williams v. Rhodes, 393 U.S. 23, 41, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); NAACP v. Button, 371 U.S. 415, 83 S. Ct. 328, 9 L.Ed.2d 405 (1963); Lamont v. Postmaster General, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965).

 Without embarking into a discussion of a remedy herein, the Court finds that plaintiffs' allegation that the defendants' wrongful actions have a chilling effect upon the exercise of plaintiffs' First Amendment rights does indeed state a claim upon which relief, if due, can be granted. The plaintiffs have stated a constitutional claim, which on the present status of the pleadings is sufficient under the Constitution and laws of the United States.

2. *Motion for Summary Judgment.*

 In considering the motion to dismiss for failure to state a claim under Rule 12(b) (6), F.R.C.P., as a motion for summary judgment under Rule 56, F.R.C.P., this Court is duty bound to construe the facts alleged in the complaint as true. See 6 Moore's Federal Practice, § 56.11(2). For the reasons stated in the denial of defendants' motion to dismiss under Rule 12(b) (6), it cannot be said that the pleadings filed herein show the lack of a genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment will be denied. See, Rule 56, F.R.C.P.

3. *Motion for A More Definite Statement.*

 The Court concludes that the complaint filed herein is sufficient. It is not so vague or ambiguous such that the defendants cannot reasonably be required to frame a responsive pleading. Rule 12(e), F.R.C.P. The complaint sets forth a short and plain statement of the claim showing that the plaintiffs may be entitled to relief, and is thereby in sufficient compliance with Rule 8(a), F.R.C.P. Accordingly, the motion for a more definite statement will be denied.

An appropriate order will issue.