David R. BALLINGER, Plaintiff,

v.

Earl PERKINS, Trustee, et al., Defendants.

Civ. A. No. 80–0337–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

June 8, 1981.

S. Strother Smith, III; Abingdon, Va., for plaintiff.

James P. Jones, Bristol, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

### I.

The plaintiff has brought this action to recover benefits from the Virginia Health and Welfare Insurance Fund (the Fund) maintained by the International Brotherhood of Teamsters, Chauffeurs, and Warehousemen and Helpers of America (Teamsters) to which he alleges he is entitled. In short, the plaintiff maintains that the defendant has violated provisions of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 et seq.

The plaintiff cites 29 U.S.C. § 1132(f)[1] as the jurisdictional basis for this suit, and he relies on 29 U.S.C. § 1132(e)(2)[2] as providing for venue in the Western District of Virginia.

[1]. 29 U.S.C. § 1132(f) states:
The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

[2]. 29 U.S.C. § 1132(e)(2) states:
Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As grounds for that motion, he alleges that: (1) this court is not the proper venue for the action, (2) this action is barred by the applicable statute of limitations, and (3) the insurance fund in question does not grant pensions. The first ground appears to raise an issue of first impression in this circuit.

### II.

Turning first to the venue objection raised by the defendants, the court notes that the plaintiff has alleged that he was a member of the Teamsters and was employed in Roanoke, Virginia, a city which, jurisdictionally speaking, lies in the Western District of Virginia. ERISA allows venue to vest in one of the four following places: (1) where the plan is administered, (2) where the breach took place, (3) where a defendant resides, or (4) where a defendant may be found. 29 U.S.C. § 1132(e)(2).

The defendants maintain that the only evidence in this case is that the principal office of the Pension Fund is found in Richmond, Virginia, a city situated in the Eastern District of Virginia, and therefore venue properly lies only in that district. However, the Congressional intent in promulgating ERISA and the section providing for venue for actions brought under it belie the defendants' position. The policy of the act is, inter alia, to protect "the interests of participants in employee benefit plans ... by providing for ready access to the Federal courts." 29 U.S.C. § 1001(b).

The evidence,[3] at this point in the case, indicates that the plan involved here is ad-

breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

[3]. The only evidence before this court is in the form of answers to interrogatories which may be treated as evidence. Fed.R.Civ.P. 56(c); Williams v. Howard Johnson's of Washington, 323 F.2d 102 (4th Cir. 1963); 6 Moore's Federal Practice ¶ 56.11[5], p. 56–283 (1980).

ministered in Richmond, Virginia and that the defendants reside in Richmond, Virginia. However, the plaintiff need fit under only one of the four ERISA venue provisions for this court to properly exercise its jurisdiction.

To date, the defendants have not presented any evidence which has a bearing on the place of the plaintiff's past employment. Therefore, the court finds, for the purpose of ruling on this motion, that the plaintiff was employed in Roanoke, Virginia when he was a member of the Teamsters as alleged in the complaint. *Richmond Education Association v. Crockford*, 55 F.R.D. 362, 364 (E.D.Va.1972); 6 *Moore's Federal Practice* ¶ 56.11[2].

Therefore, the court considers the question of whether the defendants, Trustees of the Fund, may be "found" in the Western District of Virginia thus placing venue in this district under § 1132(e)(2) of ERISA.

The court finds that the case of *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979) adequately addresses the issue before it. After noting the Congressional intent of ERISA, with regard to providing plaintiffs with ready access to federal courts, the *Varsic* court quoted the following passage of Congressional history underlying the Act:

[ERISA's] enforcement provisions have been designed specifically to provide . . . participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants. For actions in federal courts, nationwide service of process is provided in order to remove a possible procedural obstacle to having all proper parties before the court. H.R.Rep.No.93–533, 93rd Cong., 1st Sess. 17 (1973), *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 4639, 4655.

*Varsic, supra* at 247–48. The court went on to write, in interpreting the "found" provision of § 1132(e)(2), that:

We find it significant that the term 'found,' employed by Congress in section 1132(e)(2), has been construed liberally when used in other venue provisions. See 1 Moore's Federal Practice ¶¶ 0.144[8], at 1496, 0.144[15], at 1552 (2d ed. 1979). See also id. ¶ 0.144[1], at 1471–72 & nn. 18 & 19. For example, with respect to the federal antitrust venue provision, 15 U.S.C. § 15, the Fifth Circuit has reasoned: 'It is well established that, in the case of an unincorporated association, the association will be treated analogously to a corporation, . . . and will be deemed 'found' within a district if it continuously carries on any substantial part of its activities there.' *Braun v. Berenson*, 432 F.2d 538, 544 (5th Cir. 1970) (citations omitted). The copyright venue provisions, 28 U.S.C. § 1400(a), about which it has been stated generally that, '[a] corporation is 'found' in any district in which personal jurisdiction might be obtained over it,' *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976); *accord, Sterling Television Presentations, Inc. v. Shintron Co.*, 454 F.Supp. 183, 190–91 (S.D.N.Y.1978), provide a second example of this liberal approach. Thus, Congress' choice of this term for inclusion in the ERISA venue provision further supports our conclusion that the provision is intended to expand, rather than restrict, the range of permissible venue locations.

In view of the legislative history of the ERISA venue provision, as well as Congress' very choice of the word, we conclude that Congress intended that 'found,' as used in section 1132(e)(2), has the same broad application as it does in cases involving the antitrust and copyright venue provisions.

*Id.* at 248.

The *Varsic* court held that if personal jurisdiction was properly asserted over the defendant fund in the venue where the

action was filed, then it could be "found" for purposes of § 1132(e)(2), in that venue. Personal jurisdiction was said to be dependent on the "minimum contacts" test for personal jurisdiction set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The fund in *Varsic* was held to have satisfied the "minimum contacts" test where the Fund participated with the union in a given forum and undertook a fiduciary duty by receiving contributions and making payments within the forum.

█ This court is of the opinion that like the *Varsic* case, where the fund involved here participated with a Teamsters local in Roanoke and received the plaintiff's contributions from him in Roanoke, and its denial of benefits had an effect in this venue where the plaintiff resides then the defendants have minimum contacts with the Western District of Virginia and may be "found" in this venue. Thus, an order denying the defendants summary judgment on the venue issue shall be issued.

█ Turning to the defendants' plea of statute of limitations as a bar to this action, the court finds that under 29 U.S.C. § 1113(a)(1)(A) the plaintiff has six years from the date of the last action committed by the trustees of the Fund, which constituted a part of the breach of the defendants' duty to the plaintiff, in which to file an action. It appears, from the scanty evidence before the court at this time, that the last act which may be considered a part of a breach of the duties under ERISA owed to the plaintiff occurred on December 1, 1978 when he was notified of the trustees' decision not to accord him benefits. Therefore, summary judgment shall not be entered on the second ground of the defendants' motion.

There is no evidence before the court on the defendants' third ground for summary judgment (that the insurance fund described in a part of the complaint does not grant pensions) substantial enough to permit the court to seriously entertain the motion on this point. Accordingly, the court shall deny the defendants' motion on this ground.