Fred HAYNES, Ralph Stonecipher, Jack Wagner, Ramsey Dougherty, Luther Wilson and Gaynes Burton By and Through his widow Raye Burton

v.

John J. O'CONNELL and Paul R. Dean, Trustees, UMWA Health and Retirement Funds (Formerly UMWA Welfare and Retirement Fund), Robert T. Boylan, Director and Agent for Service of Legal Process.

Civ. No. 3–84–391.

United States District Court,
E.D. Tennessee, N.D.

Sept. 17, 1984.

Dorothy B. Stulberg, Oak Ridge, Tenn., for plaintiffs.

E.H. Rayson, Knoxville, Tenn., for defendants.

## MEMORANDUM

HULL, District Judge.

This is an action alleging wrongful denial of pension benefits under the Employment Retirement Security Act of 1974 [ERISA], 29 U.S.C. §§ 1001 *et seq.* and the Labor-Management Relations Act [LMRA], 29 U.S.C. §§ 141 *et seq.* The case is before the Court on defendants' motion to dismiss and plaintiff Faye Burton's motion to nonsuit.

Plaintiffs, excluding Faye Burton, are five living retired coal industry employees and one deceased coal industry employee. Defendants are Trustees of the United Mineworkers of America [UMWA] Health and Retirements Funds [Funds], four employee benefit trusts established by a collective bargaining agreement—the National Bituminous Coal Wage Agreement [Wage Agreement] of 1974. (*See* 1974 Wage Agreement, p. 27, defendants' Exhibit A). Plaintiffs made application for bene-

fits under the Funds[1] and were denied benefits. Plaintiffs claim the denial of benefits violates 29 U.S.C. § 1132 [ERISA] and 29 U.S.C. § 186 [LMRA]. Defendants say plaintiffs' claims are barred by the statute of limitation.

Neither 29 U.S.C. § 1132 nor 29 U.S.C. § 186 contains a statute of limitations. Therefore, the Court must look to the most analogous state statute of limitations. *See Johnson v. Railway Express,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Defendants say that the 90-day statute of limitations for vacation of arbitration awards, Tennessee Code Annotated § 29–5–313(b), is the most analogous statute of limitations. Plaintiffs say that the six year statute of limitations for contract actions, Tennessee Code Annotated § 28–3–109, is the most analogous statute of limitations.

In determining the most appropriate state statute of limitations, the Court must consider the nature of the federal claim and the federal policies involved. *United Parcel Service Inc. v. Mitchell,* 451 U.S. 56, 60–61, 101 S.Ct. 1559, 1562–63, 67 L.Ed.2d 732 (1981). The federal policy embodied in section 1132 of ERISA is to protect the interests of participants in employee benefit plans by providing ready access to federal courts to redress violations of the Act. 29 U.S.C. § 1001(b); 1974 U.S. Code Cong. & Ad.News 4639, 5188 (Statement by the Hon. Harrison A. Williams, Jr.). The federal policy embodied in section 186 of the LMRA is to prevent corruption by labor and management, *see J.P. Stevens & Co. Inc. v. NLRB,* 623 F.2d 322 (4th Cir.1980), *cert. den.* 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981), and the section has been applied to protect the in-

terests of participants in employee benefit plans. *See e.g. Valle v. Joint Plumbing Industry Bd.,* 623 F.2d 196 (2nd Cir.1980). Thus, both statutes seek to promote the identical federal policy: to protect the interests of participants in employee benefit plans. Given this federal policy, it is difficult to fathom how the short statute of limitations proposed by defendants could promote this policy. Indeed, in similar actions the majority of courts have allowed substantially longer statute of limitations. *See e.g., Jenkins v. Local 705 Int'l Broth. of Teamsters Pension Plan,* 713 F.2d 247, 252 (7th Cir.1983) (six year contract statute of limitations); *Miles v. New York State Teamsters Conf. Pension and Retirement Fund,* 698 F.2d 593, 598 (2d Cir.1983), *cert. den.* —— U.S. ——, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983) (six year contract statute of limitations); *Ballinger v. Perkins,* 515 F.Supp. 673, 676 (W.D.Va.1981) (six year statute of limitations for breach of fiduciary duty); *Morgan v. Laborers Pension Trust Fund for N. Cal.,* 433 F.Supp. 518, 526 (N.D.Cal.1977) (four year contract statute of limitations).

Defendants argue, however, that because plaintiffs' entitlement to pension benefits was created pursuant to a collective bargaining agreement, which provides a final and binding resolution procedure for pension claims, the federal policy embodied in the LMRA to promote private, expeditious settlement of labor disputes requires a short statute of limitations. Defendants further say that ERISA's funding provisions, 29 U.S.C. § 1082, reveal a Congressional intent favoring a short statute of limitations. Finally, defendants say the Court of Appeals for the Sixth Circuit has held that in an action for wrongful denial of pension benefits, the most analogous

---

**1.** Plaintiffs retired prior to 1976, thus they are covered under the 1950 Pension Plan, which governs eligibility for benefits under the 1950 Pension Trust, one of the four Trusts administered by Trustees. (*See* 1979 Wage Agreement, Article XX, p. 27, defendants' Exhibit A; 1981 Wage Agreement, Article XX(b), p. 14, defendants' Exhibit B). The 1950 Pension Plan has a rather convoluted history. The UMWA Welfare and Retirement Fund of 1950 [1950 Fund] was

established by the 1950 Wage Agreement. (Defendants' Exhibit D). The 1974 Wage Agreement changed the name of the 1950 Fund to the 1950 Pension Trust. (Defendants' Exhibit A at 27). The terms of the 1950 Pension Plan and 1950 Pension Trust were substituted for those of the 1950 Fund. (*Id.*). The 1950 Pension Plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(3).

state statute of limitations is that for vacation of arbitration awards. *Citing Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982).

■ The Court finds that the federal policy favoring expedient resolution of labor disputes is inapplicable in the instant case because plaintiffs' claims for denial of benefits are "creatures of contract law not labor law." *Jenkins v. Local 705 Intern'l Broth. of Teamsters*, 713 F.2d 247, 252 (7th Cir.1983). Although plaintiffs' entitlement to benefits was created by a collective bargaining agreement, the agreement does not require arbitration of pension disputes. Rather, the trustees are given authority to make final and binding decisions regarding eligibility for benefits and an applicant is provided with notice that his claim has been denied and is entitled to administrative review by the trustees of his claim. (defendants' Exhibit C at 13–14). If plaintiffs' benefits are wrongfully denied, they may seek relief in federal district court under 29 U.S.C. § 1132; 29 U.S.C. § 186. In contrast, disputes subject to arbitration under a collective bargaining agreement often proceed through several stages of review at which the employee is represented by the union and there is a greater opportunity to gather research, to refine arguments, and to bargain for relief. *See Jenkins*, 713 F.2d at 252. More importantly, plaintiffs may seek relief in federal district court only by proving both breach of the collective bargaining agreement and breach of the duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The requirement of proving breach of the duty of fair representation distinguishes a labor law action from an action under traditional contract law. *See United Parcel Service v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). There is no requirement in this case that plaintiffs prove breach of the duty of fair representation to prevail on their claims. For this reason, *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir.1982) [2] is inapposite.

■ Based on the foregoing, the Court concludes that the six-year contract statute of limitations, Tennessee Code Annotated § 28–3–109, is the most analogous state statute of limitations. Although the Court recognizes that the stability of the pension fund is an important interest, the Court finds that the federal policy to protect the interests of participants in employee benefit plans by providing ready access to federal courts would not be served by the short statute of limitations advocated by defendants.

■ Having decided that a six-year statute of limitations is applicable, the question is whether plaintiffs' claims are barred. An action for pension benefits accrues when a plaintiff's application for benefits is denied. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf*, 637 F.2d 357, 361 (5th Cir.), *cert. den.* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). Plaintiffs and defendants dispute when the applications were denied. Defendants' records indicate that plaintiff Burton received a notice of denial of pension dated November 17, 1965 (defendants' Exhibit J); plaintiff Burton's records indicate that he received from defendants letter dated December 22, 1975, setting a date for a hearing on an appeal from the denial. (plaintiffs' Exhibit B). Defendants' records indicate that plaintiff Haynes was denied benefits on August 27, 1974 (defendants' Exhibit I); plaintiff Haynes' records indicate that in September 1977 defendants notified him that any additional evidence he could submit to establish his entitlement to benefits

**2.** *Badon* involved a hybrid breach of contract-breach of fair representation claim. The Court held that in a "hybrid" action, the state statute of limitations for vacation of arbitration awards was to be utilized. However, the court applied the six month statute of limitations found in 29 U.S.C. § 160(b) because, by its terms, the state statute of limitations for vacation of arbitration awards was inapplicable to labor contracts. 679 F.2d at 98–99. Subsequently, the U.S. Supreme Court held that the applicable statute of limitations for "hybrid" actions is the six-month period for filing unfair labor practice charges under 29 U.S.C. § 160(b). *Del Costello v. Intern'l Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

would be considered. (plaintiffs' Exhibit C). Defendants' records indicate that plaintiff Stonecipher was denied benefits on March 26, 1974 (defendants' Exhibit H); plaintiff's records indicate that in March 1979 he submitted an application for benefits and in June 1980 he requested a hearing to appeal denial of his application (plaintiffs' Exhibits E, F). Defendants' records indicate that plaintiff Wilson was denied benefits on March 12, 1975 (defendants' Exhibit G); plaintiff Wilson's records indicate he reapplied for benefits and was notified by defendants on September 24, 1981, that based on the information on file, his application for benefits must remain denied (plaintiffs' Exhibit H). Defendants' records indicate that plaintiff Dougherty was denied benefits on January 31, 1976 (defendants' Exhibit F); plaintiff Dougherty's records indicate that in 1979 and 1980, his representative requested that defendants reopen his case (plaintiffs' Exhibit I, J). There appears to be no dispute that denial of plaintiff Wagner's application for benefits became final in August 1983 (defendants' Exhibit E).

Thus defendants contend that, with the exception of plaintiff Wagner's claim, all plaintiffs' claims are barred by the six-year statute of limitations. Plaintiffs contend that disputed issues of fact exist concerning whether plaintiffs' claims were reopened and whether defendants took action on the claims within the statutory period.

■ It has been held that trustees of a pension fund may be equitably estopped from relying on the bar of the statute of limitations if, after denial of benefits, further communications occurred which could be read to have altered the earlier denial. *Valle v. Joint Plumbing Industry Bd.*, 623 F.2d 196, 202 n. 10 (2d Cir.1980). The Court believes that it would be in the interests of justice to allow plaintiffs to pursue further discovery and to allow both parties an opportunity to submit briefs on the issue whether the further communications reasonably could be read to have altered the earlier denial.

Therefore, defendants' motion to dismiss the claims of plaintiffs Burton, Haynes, Stonecipher, Wilson and Dougherty is DENIED without prejudice to renew after completion of discovery. Defendants' motion to dismiss the claim of plaintiff Wagner is DENIED with prejudice. Plaintiff Faye Burton's motion to voluntarily nonsuit her claim is GRANTED.

Order Accordingly.