Dorothy KWAK, and all others similarly situated, Plaintiff,

v.

William D. JOYCE, John D. Kelahan, Frank Wsol, Robert J. Baker, John J. Barranco, Michael B. Murphy, and International Brotherhood of Teamsters Union Local No. 710 Pension Fund, Defendants.

No. 87 C 5279.

United States District Court, N.D. Illinois, E.D.

March 28, 1988.

Lawrence Walner, Sheldon Klein, Chicago, Ill., for plaintiff.

Marvin Gittler, Stephen J. Feinberg, Leonard J. Elberts, Asher Pavalon Gittler and Greenfield, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The issue before us is the appropriate statutes of limitations for certain private causes of action arising under § 404 of the Employee Retirement Income Security Act ("ERISA § 404"), 29 U.S.C. § 1104 (1980), and § 302 of the Labor Management Relations Act ("LMRA § 302"), 29 U.S.C. § 186 (1984). The defendants move for summary judgment on the grounds that plaintiff Dorothy Kwak failed to timely file her § 404 and § 302 claims. For the reasons stated herein, we grant defendants' motion for summary judgment.

### Factual Background

The following facts are undisputed for purposes of this motion. Kwak was a participant in and beneficiary of defendant International Brotherhood of Teamsters Union Local No. 710 Pension Fund ("Pension Fund"), a benefit fund subject to the provisions of ERISA § 404 and LMRA § 302. The individual defendants are trustees of the fund. Before termination from her employment in a position covered by the Pension Fund, Kwak had amassed twenty-three years of credit with the Pension Fund and was accordingly entitled to benefits under the Regular Pension, payable at age sixty, but not under the Special Regular Pension, payable at age fifty. Section 4.051 of the Pension Plan allows participants to make self-payments to accumulate an additional two years of credit under the Regular Pension but not the Special Regular Pension. Kwak sought to make self-payments towards the Special Regular Pension in order to amass the twenty-five years of credit necessary to enjoy the Special Regular Pension benefits at fifty. The defendants denied her request in a letter from a Local 710 Special Committee dated October 6, 1983.

On June 11, 1987, Kwak filed this class action on behalf of herself and all who are within two years of Special Regular Pension eligibility and, but for the limitations imposed by § 4.051, are able to self-pay to the Fund. In Count I, Kwak alleges that § 4.051 is a "structural defect" in the Pension Plan and charges defendants with arbitrarily and capriciously establishing pension plan rules in violation of LMRA

**1548**

§ 302(c)(5). In Count II, Kwak charges that by implementing § 4.051 defendants violated their ERISA § 404 fiduciary duties to the Plan's participants and beneficiaries. Defendants contend in their motion for summary judgment that both counts are subject to the three-year statute of limitations set forth in ERISA § 413, 29 U.S.C. § 1113 (1974), and, accordingly, time barred. We agree.

### ERISA § 404

■ ERISA explicitly sets forth the statute of limitations applicable to § 404 actions. Section 413 provides that

(a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation *under this part,* or with respect to a violation of this party, after the earlier of

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (b) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, or (B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the secretary under this title;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation. (Emphasis added).

The language "under this part" refers to the ERISA provisions of Part 4, Subchapter I, Subtitle B. *Edwards v. Wilkes–Barre Pub. Co. Pension Trust,* 757 F.2d 52, 55 (2d Cir.), *cert. denied,* 474 U.S. 843, 106 S.Ct. 130, 88 L.Ed.2d 107 (1985). ERISA § 404 is within Part 4 and accordingly subject to the § 413 statute of limitations.

Despite the unambiguity of this provision, Kwak seeks to apply the five-year Illinois statute of limitations for "actions on unwritten contracts, expressed or implied ... and all civil actions not otherwise provided for." Ill.Rev.Stat. ch. 110, ¶ 13–205 (1982). To support her contention, Kwak cites a number of cases in which courts applied analogous state statutes of limitations to certain ERISA actions. *E.g., Miles v. New York State Teamsters Conference, Etc.,* 698 F.2d 593 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Salyers v. Allied Corp.,* 642 F.Supp. 442 (E.D.Ky.1986); *Ferguson v. Greyhound Retirement & Disability Trust,* 613 F.Supp. 323 (W.D.Pa. 1985); *Nolan v. Aetna Life Ins. Co.,* 588 F.Supp. 1375 (E.D.Mich.1984). In each of these cases, the plaintiff's action arose under § 502 of ERISA, 29 U.S.C. § 1132 (1986), for which ERISA provides no express statute of limitations. Not one of the cases holds or suggests that ERISA § 404 actions are subject to a statute of limitations other than the provisions of § 413. There is no basis in reason or precedent for singling out § 404 actions as an exception to the clear reach of § 413, and we accordingly apply § 413 in determining whether Count II of Kwak's complaint is time-barred.

The parties do not dispute that Kwak had notice of the charged violation of defendants' ERISA § 404 duties at least as early as October 1983 when she received the decision letter of the Special Committee. Kwak does not allege in her complaint or set forth in her response to defendants' motion for summary judgment any facts supporting a claim of fraud or concealment. Count II is therefore subject to the three-year statute of limitations of § 413(a)(2)(B) and accordingly should have been filed by October of 1986. Kwak did not file this action until June of 1987. Count II is time-barred, and we grant defendants' motion for summary judgment as to Count II.

### LMRA § 302

■ Unlike ERISA, the Labor Management Relations Act is silent as to the statute of limitations applicable to that portion of Kwak's complaint arising under the Act. Congress did not provide a time limitation for LMRA § 302 actions. Accordingly, we

must determine the appropriate federal or state limitations period to apply. *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan,* 713 F.2d 247 (7th Cir.1983). Generally, we borrow the most appropriate state statute. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). If, however, the state statute is "an unsatisfactory vehicle for the enforcement of federal law [and] it would be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law," we apply a statute of limitations from a related federal statute that balances similar interests. *Id.,* 462 U.S. at 161, 103 S.Ct. at 2289.

Kwak argues that the five-year Illinois statute of limitations for "actions on unwritten contracts, expressed or implied ... and all civil actions not otherwise provided for," Ill.Rev.Stat. ch. 110, ¶ 13–205 (1982), is the appropriate state statute. The defendants respond that Kwak's LMRA § 302 claim is sufficiently similar to her ERISA § 404 claim of Count II that the § 413 limitations period should bar the former as well. Mindful that resort to state law remains the norm for determining an applicable limitations period, *Merk v. Jewel Food Stores,* 641 F.Supp. 1024, 1035 (N.D. Ill.1986), we nevertheless find that the federal interests at stake in ERISA § 404 claims and in LMRA § 302 claims such as Kwak's are sufficiently similar to warrant identical treatment for statute of limitations purposes. We accordingly apply the § 413 limitations period to Kwak's § 302 claim.

LMRA § 302 represents Congress' attempt to prevent corruption by labor and management at the expense of union members and employees. *J.P. Stevens & Co. v. NLRB,* 623 F.2d 322 (4th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981). More specifically, like ERISA § 404, Congress sought to protect the interests of participants in employee benefits plans such as the Pension Fund. *Valle v. Joint Plumbing Industry Bd.,* 623 F.2d 196 (2d Cir.1980). In an action arising under either LMRA § 302 or ERISA § 404, the plaintiff seeks to enforce the pension plan trustees' duty to act solely in the interests of the plan's participants. *Harm v. Bay Area Pipe Trades Pension Plan Trust Fund,* 701 F.2d 1301, 1305 (9th Cir. 1983); *Dudo v. Schaffer,* 551 F.Supp. 1330, 1336–38 (E.D.Pa.1982), *aff'd,* 720 F.2d 661 (3d Cir.1983). This congruence of fiduciary duties applies when as here the basis of the LMRA § 302 claim is a challenge to rules established by the trustees that affect personal claims for benefits and balance the interests of present claimants against future claimants. *Struble v. New Jersey Brewery Employees' Welfare Trust Fund,* 732 F.2d 325, 333 (3d Cir.1984); *Pierce v. NECA–IBEW Welfare Trust Fund,* 620 F.2d 589 (6th Cir.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980).[1]

The parties have not cited, and our research has not revealed, any cases in which the court expressly held that as between ERISA § 413 and a longer state statute of limitations, the latter should apply to ·a LMRA § 302 claim charging a violation of a pension plan trustee's fiduciary duty. In *Haynes v. O'Connell,* 599 F.Supp. 59 (E.D. Tenn.1984), the court applied a six-year contract action statute of limitations to a § 302 claim rather than a ninety-day vacation of arbitration award period. The court found that the ninety-day period did not provide sufficient time to adequately protect the interests of pension plan participants. For our purposes here, we note that the limitations period selected in *Haynes* matched or exceeded that provided for in ERISA § 413. In *Scheirer v. NMU Pension & Welfare Plan,* 585 F.Supp. 76 (S.D.N.Y.1984), the court held that the limitations provision of two years and ninety days included in the plan itself was not an unreasonable departure from the otherwise

---

1. We recognize that the standards imposed by the fiduciary duties of ERISA § 404 and LMRA § 302 may differ. *See, e.g., Struble,* 732 F.2d at 333; *Pierce,* 620 F.2d at 591. That distinction is of no consequence to our decision since our holding relies on the fact that both provisions impose some fiduciary duty on the defendants owed to the plaintiffs by virtue of a pension plan.

applicable state six-year statutory period. The parties did not dispute that in the event the plan's provision was deemed unreasonable, the state statutory period which coincidentally matched or exceeded the § 413 period applied. *Id.* at 78.[2]

In *Dameron v. Sinai Hospital of Baltimore, Inc.*, 595 F.Supp. 1404 (D.Md.1984), the only decision brought to our attention which discussed the applicability of § 413 to a LMRA § 302 claim, the court suggested but did not decide that § 413 may in certain instances prevail over an analogous state statutory period. The court stated that, because the state's three-year contract action statute of limitations was "in congruence with" the three-year period set forth in § 413, the state period was "not at odds with the purpose of the Labor Management Relations Act," *Id.* at 1412 n. 11, implying that in the event the time periods were different, the court may apply § 413. It is instructive that the court decided to apply § 413 to determine when a LMRA § 302 cause of action accrues. *Id.* at 1412.

We believe that the limitations period of ERISA § 413 should apply over a longer state statute of limitations in a LMRA § 302 action charging a violation of a pension plan trustee's fiduciary duty. A statute of limitations balances the interests of a potential plaintiff in having sufficient time to investigate and prepare a claim against the interests of potential defendants in preventing plaintiffs from sleeping on their rights and thereby exposing defendants to liability on stale claims. *Steele v. United States*, 599 F.2d 823, 829 (7th Cir.1979). In § 413, Congress expressly determined that the six/three-year limitations scheme correctly balances these interests in the context of a violation of a trustee's fiduciary duty to pension plan participants. To allow a longer period when the claim is brought under LMRA § 302 instead of ERISA § 404 would upset that balance merely on the basis of how a plaintiff labels the claim. There is no principled reason for avoiding a uniform limitations period in this context, and we accordingly hold that a LMRA § 302 claim in which the plaintiff seeks to enforce the fiduciary dury identically enforceable in an ERISA § 404 claim is subject to ERISA § 413.

As with her ERISA § 404 claim, Kwak seeks in Count I to enforce the defendants' fiduciary duty owing to Kwak by virtue of her status as a Pension Fund participant. In both claims, Kwak sets forth identical facts. The claims are distinguished only by the source (and possibly the extent) of the duty allegedly breached by defendants. We accordingly apply ERISA § 413 to Count I and find that it, like Count II, is time-barred.

### Conclusion

Since Kwak failed to file this action within the three-year limitations period set forth in ERISA § 413 that is applicable to both her ERISA § 404 and LRMA § 302 claims, defendants' motion for summary judgment is granted.[3] It is so ordered.

---

**2.** In *Daniel v. International Brotherhood of Teamsters*, 410 F.Supp. 541 (N.D.Ill.1976), *aff'd,* 561 F.2d 1223 (7th Cir.1977), *rev'd on other grounds,* 439 U.S. 551, 99 S.Ct. 790, 58 L.Ed.2d 808 (1979), the court presumed a state statute of limitations applied and expressly noted that the issue of whether a state limitations period should apply over any analogous federal period remained undecided. *Id.* at 554.

**3.** Our decision of course applies only to Kwak, the named plaintiff in this action. Kwak has not moved for class certification, and, in any event, there are no facts before us indicating when any other potential class members received actual notice of defendants' alleged breach of their fiduciary duty.