Carrie Jean **MASENGILL**, et al., Plaintiffs,

v.

William A. **RYE**, et al., **Defendants.**

Civ. A. No. 88–394.

United States District Court,
E.D. Kentucky.

Sept. 28, 1990.

Dean W. Bucalos, Brown, Bucalos, Santana & Bratt, Lexington, Ky., for plaintiffs.

Ronald D. Bowling, Trimble & Henry, Lexington, Ky., for Various Rye defendants.

Bradford L. Cowgill, John M. Williams, Wyatt, Tarrant & Combs, Lexington, Ky., Thomas L. MacDonald, MacDonald & Walton, Flemingsburg, Ky., for defendant— Peoples Bank of Fleming County.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court upon the motion of defendant, Peoples Bank of Fleming County ["Peoples Bank" or the "Bank"], to dismiss. The plaintiffs have filed a response objecting to the motion to which Peoples Bank has filed a reply. The motion concerns application of the statute of limitations to actions for breach of fiduciary duty arising under provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101 *et seq.* ["ERISA"]. Peoples Bank has also filed a memorandum in response to an unrelated pending motion of the plaintiffs clarifying certain confusion of the limitations issue raised in its motion to dismiss.

## FACTUAL BACKGROUND

The plaintiffs, Carrie Jean Masengill and Marjorie R. Davis, were employed at one time by the defendant, William A. Rye, P.S.C. ["PSC"]. They became employees on or about January 1, 1978. Plaintiff Davis ceased being employed by PSC around January 20, 1984. On approximately March 27, 1984, plaintiff Masengill ceased her employment with PSC.

The defendant, Prototype Money Purchase Pension Plan and Trust for William A. Rye, P.S.C. ["Pension Plan"], and defendant, Prototype Profit Sharing Plan and Trust II for William A. Rye, P.S.C. ["Profit Sharing Plan"] [collectively the "Plans"], were duly organized and existing as qualified trust pension and profit sharing plans pursuant to the United States Internal Revenue Code. PSC adopted the Pension Plan and the Profit Sharing Plan which became effective on October 1, 1979.

Defendant, William A. Rye ["Rye"], is the sole trustee and administrator of the Plans and a named fiduciary with regard to both Plans within the meaning of ERISA, 29 U.S.C. § 1102(a). The plaintiffs are and were qualified and vested participants in the Plans.

The complaint was filed on November 9, 1988 and makes a number of allegations and demands to which Peoples Bank is not related. However, this motion does not address those claims. Plaintiffs assert a claim against Peoples Bank in Count III of the complaint. They initially allege that Rye was and is directly responsible for investment of the assets of the Plans. In the complaint, with respect to the Bank, plaintiffs specifically aver:

29. On or about January 27, 1981, Defendant Rye deposited $27,500 on behalf of the [Plans] into a bank account with Peoples Bank....

30. On or about February 25, 1981, Defendant Rye purchased a Certificate of Deposit from the Peoples Bank ... in the amount of $27,500 which represented all of the assets of both plans. The term of the renewable Certificate of Deposit was 26 weeks and the rate of interest was 15.010% per year.

31. *During this time, Defendant Peoples Bank ... knew or should have known that the Certificate of Deposit was an asset of the plans and said Defendant Peoples Bank ... exercised control of this asset and thereby is and was a fiduciary with regard to both plans within the meaning of [ERISA,] 29 U.S.C. Section 1102.*

32. On or about May 14, 1981, Defendant Rye pledged the Certificate of Deposit as collateral for a loan and mortgage in the amount of $125,000 between Rye Properties, Inc. and Defendant Peoples Bank.... Defendant Rye signed the mortgage by virtue of his position as president and owner of Rye Properties, Inc.

33. *On or about October 4, 1982, Defendant Peoples Bank ... converted the Certificate of Deposit and applied the proceeds of $34,154.14 to accrued interest due on four separate personal notes of Defendant Rye held by Defendant Peoples Bank....*

34. The conversion of the plans' assets for his personal benefit and gain in the manner set out above constitutes a breach of Defendant Rye's fiduciary duty toward the plans and their participants and beneficiaries as required by [ERISA,] 29 U.S.C. Section 1104(a) and violated the provisions of 29 U.S.C. Section 1106.

35. *The conversion of the plans' assets for its own benefit and gain in the manner set out above constitutes a breach of Defendant Peoples Bank of Fleming County's fiduciary duty toward[s] the plans and their participants and beneficiaries as required by [ERISA,] 29 U.S.C. Section 1104(a) and violated the provisions of 29 U.S.C. Section 1106.*

Complaint, ¶¶ 29–35, at 5–7 (emphasis added).

Thus, plaintiffs appear to allege that the very same act which allegedly caused the Bank to become a "fiduciary" (that is, the "exercise of control" over a certificate of deposit) constitutes the act by which the Bank *breached* its fiduciary duty. According to paragraph 35 of the complaint, the Bank's breach of its alleged fiduciary duty was complete on or about October 4, 1982, when the Bank "converted the Certificate of Deposit and applied the proceeds of $34,-154.14 to accrued interest on four separate personal notes...." Complaint, ¶ 33.

## DISCUSSION

### A. Standard for Motion to Dismiss

It is well-accepted that on a motion to dismiss "the allegations of the complaint are generally taken as true." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). The Sixth Circuit has emphasized that

> [a] motion to dismiss based on either lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. Similarly, the Court must accept as true all the well-pled allegations in the complaint under attack.

*Great Lakes Steel, Div. of Nat'l Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983).

■ Where a defendant seeks to have a complaint dismissed as barred by the statute of limitations, dismissal is proper only " 'when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief.' ... [T]he complaint must be liberally construed in determining whether the complaint is time-barred." *Duncan v. Leeds,* 742 F.2d 989, 991 (6th Cir.1984) (quoting *Ott v. Midland–Ross Corp.,* 523 F.2d 1367,

1369 (6th Cir.1975)) (emphasis in original; citations omitted).

All factual ambiguities are resolved in favor of the plaintiff's complaint, *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983), and "extrinsic evidence cannot be considered in determining whether the complaint states a claim." *Id.* "Under Rule 12(b) when matters outside the pleadings are presented to the court, and not excluded, a motion to dismiss for failure to state a claim is treated as one for summary judgment." *Sequoyah v. Tenn. Valley Authority*, 620 F.2d 1159, 1161 (6th Cir.1980). *Accord* FED.R. CIV.P. 12(c); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972).

### B. Plaintiffs' Claim Against the Bank is Time–Barred

■ The sole act constituting a breach of fiduciary duty alleged in the plaintiffs' complaint is the conversion of the certificate of deposit which the plaintiffs contend occurred on October 4, 1982. This act occurred more than six years prior to the filing of the lawsuit (October 4, 1982 to November 9, 1988) and, under 29 U.S.C. § 1113, the Court finds that this action is barred.

For purposes of considering Peoples Bank's motion to dismiss, the Court must presume several facts as true. First, the Court must presume that the Bank is a "fiduciary" as defined in ERISA and owed a fiduciary duty to the Plans and their participants. Second, it must be presumed that the Bank took control of the funds and converted them on October 4, 1982. Third, it must be presumed that the plaintiffs did not have actual knowledge of the Bank's breach of duty more than three years from the date the complaint was filed.

The plaintiffs' claim is based upon alleged breach of fiduciary duty under 29 U.S.C. § 1109(a). The statute of limitations applicable to actions brought under 29 U.S.C. § 1109(a) is also contained within the text of ERISA:

No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C.S. § 1113.

■ The last act alleged by the plaintiffs on the part of the Bank occurred on October 4, 1982. When a complaint shows clearly on its face that it is time-barred by the statute of limitations, the plaintiff has the burden of pleading facts in the complaint that would toll the statute. *E.g.*, *Hellebrand v. Hoctor*, 331 F.2d 453 (8th Cir.1964). The plaintiffs have not alleged any acts by the Bank occurring after October 4, 1982 nor have they alleged any facts which would justify tolling the statute.

In response to the motion to dismiss, the plaintiffs first argue that the Bank continued to breach its fiduciary duty to the plans and their participants and converted the assets by continuing to retain control of the assets. Secondly, plaintiffs submit that they made demands upon the Bank for return of the funds and received a letter from the Bank, dated August 25, 1988, refusing return of the converted funds. Thus, plaintiffs argue, the refusal to remit the assets upon their last demand was the last action constituting a breach of duty, relying upon the language of § 1113(1)(A) ("the date of the last action which constituted a part of the breach or violation") or § 1113(1)(B) ("in the case of an omission, the latest dated on which the fiduciary could have cured the breach or violation").

■ Plaintiffs' arguments assume certain reasoning. First, under the facts al-

leged, the Bank obviously converted the funds on October 4, 1982 when it applied the funds to four outstanding loans of Rye. For purposes of deciding the motion to dismiss, this constituted a breach of fiduciary duty at that moment. Second, plaintiffs are contending that the Bank continued to have a duty, as a fiduciary, to relinquish the funds by changing its mind and reversing the process, in other words, to return the funds to the Plans and their participants, even though it had technically breached a fiduciary duty when it originally converted the funds on October 4, 1982. Under this argument, the failure or refusal of the Bank to return the proceeds of the plan liquidation was *itself* a breach of fiduciary duty.

The Court cannot agree with this reasoning. Plaintiffs' interpretation of the statute would mean that a fiduciary could have an ongoing breach of duty, spanning to infinity, whenever it converted funds and failed to return them. Furthermore, under plaintiffs' view, any participant of an ERISA plan could toll the statute of limitations by simply making a written demand upon the fiduciary, after funds had been improperly converted, and awaiting a refusal to return the converted funds to initiate the statute of limitations. The statute does not contemplate these interpretations.

The fiduciary's conversion of funds to its own use would certainly be a typical example of a breach of fiduciary duty. The explicit language of the statute reveals that Congress clearly confronted this situation in enacting the statute of limitations. ERISA's statute of limitations specifically addresses claims of breach of fiduciary duty. 29 U.S.C.S. § 1113 ("[n]o action ... with respect to a fiduciary's breach of any responsibility, duty, or obligation...."). Thus, Congress surely envisioned conversion of funds or assets as a breach of fiduciary duty and undoubtedly considered that the converted funds would continue to be retained or that there would be a failure to remit converted funds.

■ The statute provides that an action must be brought within three years where the plaintiff has actual knowledge of the breach or violation, but in no event can the action be brought later than six years. The six year limitations hinges upon the date of the breach, or in the case of an omission, the date on which the fiduciary could have cured the breach or violation. The statute, by specifically providing a six year limitations on actions for breach of fiduciary duty, does not contemplate an ongoing breach concept. An ongoing breach notion would render the limitations provision completely nugatory, except in the instance of an omission to act which is addressed separately in the statute. The instant case is unquestionably one of a positive, affirmative act of breach, not an omission to act, and is governed by § 1113(1)(A). It defies logic in the application of the statute that Congress could have endorsed the idea that an ongoing retention of previously converted funds would indefinitely suspend the running of the statute, or that a plaintiff could suspend the running of the statute by simply sending demand letters and awaiting refusals.

The Court is not aware of, and the parties have not cited, any case authority in which a commercial bank's application of the proceeds of a plan liquidation to personal debts pursuant to the instructions of the plan's sole trustee and administrator would constitute an "ongoing breach." In fact, research of court applications of ERISA's statute of limitations reveals sparse case law. A review of the few cases touching upon ERISA's statute of limitations indicates that they often speak to the issue of knowledge by the plaintiff of the breach of fiduciary duty in ascertaining application of the three year limitations of § 1113(2). *See, e.g., Brock v. TIC Int'l Corp.*, 785 F.2d 168 (7th Cir.1986); *Katsaros v. Cody*, 744 F.2d 270 (2nd Cir.1984), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *McDougall v. Donovan*, 552 F.Supp. 1206 (N.D.Ill.1982). Those cases are inapposite.

In *Ballinger v. Perkins*, 515 F.Supp. 673 (W.D.Va.1981), plaintiff brought suit against a health and welfare fund for violation of ERISA by denying certain benefits.

In considering a motion to dismiss on limitations grounds, Judge Williams stated:

> It appears, from the scanty evidence before the court at this time, that the last act which may be considered a part of a breach of the duties under ERISA owed to the plaintiff occurred on December 1, 1978 when he was notified of the trustees' decision not to accord him benefits.

*Id.* at 676.

Plaintiffs argue that, since the statute of limitations in *Ballinger* did not start to run until the fund trustees *notified* the plaintiff, by analogy the statute of limitations in the instant case did not begin to run until plaintiffs received the letter from the Bank on August 25, 1988 denying return of the funds. However, the facts of *Ballinger* are distinguishable from the instant case.

The plaintiff in *Ballinger* sought recovery of certain benefits from the funds. That case did not involve conversion of funds as here. It was appropriate in *Ballinger* to fix the running of the statute of limitations from the date plaintiff received a letter of the trustees' decision denying him benefits since the decision apparently centered on his entitlement to benefits. In the instant case, the Bank converted assets to its own use on October 4, 1982. This case differs from *Ballinger* in that it does not involve interpretation of the funds' contractual terms in determining entitlement to benefits. This case also differs in that the Bank is alleged to have gained "fiduciary" status by exercising control over the assets, whereas *Ballinger* involved the trustees of the funds themselves.

Plaintiffs also state in their response to the motion to dismiss that this Court must presume the "Bank concealed from the Plaintiffs that it breached its fiduciary duty and that this was discovered by the Plaintiffs within six years from the date the Complaint was filed." Obviously, plaintiffs are hinting at other language in § 1113 which provides that "except in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." *See Brock*, 785 F.2d at 173 ("and of course if they actually conceal the breach of trust the [plaintiff] will have six years from the date of discovery to sue"). The statute is consistent with general common law that fraud and concealment toll the running of a statute of limitations until the fraud or concealment is discovered.

However, plaintiffs have not alleged in their complaint that the Bank concealed the alleged conversion of the Plans' assets. In fact, such concealment and fraud must be pled with particularity in the complaint. *See* FED.R.CIV.P. 9(b). Furthermore, as a response to the motion to dismiss, if appropriate, the plaintiffs could have moved the court for leave to amend their complaint. But the plaintiffs have not sought to amend their complaint to allege concealment or fraud as a counter to the motion to dismiss.

■ Finally, plaintiffs also argue in their response to the motion to dismiss that they have sufficiently alleged a cause of action for a pendent state law claim of conversion. The plaintiffs then discuss an applicable statute of limitations under state law. However, plaintiffs overlook an important jurisdictional aspect. The primary issue before the Court is whether a claim can be stated against Peoples Bank under ERISA. If so, federal question jurisdiction is conferred upon this Court, and issues with respect to pendent claims against the Bank can then be addressed. But, if a claim cannot be stated against the Bank under ERISA, there is no independent basis for federal subject matter jurisdiction for other claims against the Bank in this case (no other federal question is presented and diversity of citizenship is lacking), and state law claims against the Bank cannot be predicated upon pendent-party jurisdiction. *See Finley v. U.S.*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (a grant of jurisdiction over claims involving particular parties does not confer pendent-party jurisdiction over additional claims by or against different parties). Where there is no federal subject matter jurisdiction, such state law claims properly belong in state court.

Therefore, in accordance with the foregoing, it is hereby ORDERED:

**368**

1) that the motion of defendant Peoples Bank to dismiss is GRANTED; and

2) that the ERISA claims asserted against Peoples Bank are DISMISSED, and Peoples Bank is DISMISSED as a party to this action.